UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANTHONY REEVES, | | |
| | Plaintiff, | **ANSWER** |
| - vs - | | |
| LABOR READY NORTHEAST, INC., | | 11-CV-8522 |
| | Defendant. | |

The defendant, Labor Ready Northeast, Inc. ("Labor Ready"), by its attorneys, Nixon Peabody LLP, hereby answers the allegations of the *Pro Se* Discrimination Complaint as follows:

## INTRODUCTORY PARAGRAPHS

The first unnumbered paragraphs of the *Pro Se* Complaint purport to state the statutes relied upon to form the basis for the Complaint and do not appear to require an answer, but to the extent that an answer is deemed required, the defendant denies it has have ever discriminated against the plaintiff on any basis.

## NUMBERED PARAGRAPHS

### PARTIES

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph A and on that basis denies these allegations.

2.      Defendant admits only that it maintains facilities at the addresses alleged in Paragraph B, but denies the remaining allegations contained in this paragraph.

3.      Defendant admits only that it maintains facilities at the addresses alleged in Paragraph C, but denies the remaining allegations contained in this paragraph.

### STATEMENT OF CLAIM

A.      Defendant expressly denies all of the allegations in this portion of the complaint.

B.      Defendant expressly denies all of the allegations in this portion of the complaint.

C.      Defendant expressly denies all of the allegations in this portion of the complaint.

D.      Defendant expressly denies all of the allegations in this portion of the complaint.

E.      Defendant expressly denies all of the allegations in this portion of the complaint.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A.      The plaintiff does not assert any allegations in Paragraph A and, therefore, no answer is required.

B.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph B and on that basis denies these allegations.

C.      Defendant expressly denies all of the allegations in this portion of the complaint.

## RELIEF

A.      The defendant denies that the plaintiff is entitled to any relief requested.

B.      The defendant demands a Jury Trial.

## OTHER

Any other allegation in the complaint which is not expressly admitted is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred to the extent that they were not filed within the applicable statute of limitations and/or administrative filing periods.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the plaintiff's claims to the extent that such claims were neither encompassed within the discrimination charges he filed or the administrative investigation thereof.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that it is based upon any claim made against a defendant who is not the claimant's "employer" within the meaning of Title VII.

## FIFTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by principles of waiver, release, estoppel, accord and satisfaction and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

The claims are barred to the extent that the individual claimant and/or the EEOC and/or the New York State Division of Human Rights failed to exhaust all necessary administrative remedies, procedures and time limits prior to filing this action.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred to the extent that the individual claimant and/or the EEOC and/or the New York State Division of Human Rights failed to satisfy the statutory and/or jurisdictional prerequisites for the commencement of this action.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because the EEOC and/or the New York State Division of Human Rights failed to conduct the conference and conciliation process in the manner and in the spirit required by Title VII.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's entitlement to any damages is limited and/or precluded to the extent that the plaintiff has failed to mitigate his damages or otherwise failed to suffer any economic loss.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are frivolous, baseless and/or malicious and must be dismissed pursuant to 28 U.S.C. § 1915(e).

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims for compensatory damages, emotional distress and punitive damages are not available under certain statutes asserted in the Complaint and/or are limited by the statutory "caps" on the amount and/or exclusion of such damages.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant exercised reasonable care to prevent, correct and respond to any alleged harassment, retaliation or discrimination in the workplace and the plaintiff unreasonably failed to avail himself of the procedures that the defendant provided to him to remedy such conduct about which he now complains.  Further, if the defendant's employees engaged in discriminatory conduct, all of which is denied, such actions were directly contrary to the defendant's good faith efforts to comply with all relevant federal and state employment laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims, if any, for punitive damages are barred because at no time did the defendant engage in discriminatory practices or actions with malice or with reckless disregard for the plaintiff's federally-protected rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims are barred to the extent that they were not timely filed within the limitations period after receipt of the Notice of Right To Sue Letter from the EEOC.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his contract.

**WHEREFORE**, the Defendant respectfully request that the Court grant judgment in its favor dismissing the Complaint with prejudice, together with costs, disbursements, and attorneys' fees of this action, and such other and further relief as the Court may deem just and proper.

DATED:        December 28, 2012
              Jericho, New York


                                        **NIXON PEABODY LLP**


                                        By:_____/s/ Thomas M. Mealiffe_____
                                            Thomas M. Mealiffe, Esq.
                                        50 Jericho Quadrangle, Suite 300
                                        Jericho, New York 11753
                                        Tel: 516-832-7500
                                        Email: tmealiffe@nixonpeabody.com

                                        *Attorneys for Defendant,*
                                        *Labor Ready Northeast, Inc.*


TO:     Anthony H. Reeves
        1400 East NY Avenue
        Apt. 11A
        Brooklyn, New York 11212

        *Pro se plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY REEVES,

Plaintiff,

- vs -

LABOR READY NORTHEAST, INC.,

Defendant.

**CERTIFICATE OF
SERVICE**

11-CV-8522

     I HEREBY CERTIFY that on December 28, 2012, I electronically filed Defendant's

Answer to the Complaint with the Clerk of this Court, by using the CM/ECF system.

     I HERBY FURTHER CERTIFY that I have caused the foregoing to be mailed, via the

United States Postal Service by certified mail, return receipt requested, to the following non-

CM/ECF participant:

Anthony H. Reeves
1400 East NY Avenue
Apt. 11A
Brooklyn, New York 11212
*Pro se Plaintiff*

DATED:     December 28, 2012
           Jericho, New York

**NIXON PEABODY LLP**

By:_____*/s/ Thomas M. Mealiffe*_____
     Thomas M. Mealiffe, Esq.
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Tel: 516-832-7500
Email: tmealiffe@nixonpeabody.com

*Attorneys for Defendant,*
*Labor Ready Northeast, Inc.*